UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL J. SALESE,

            Plaintiff,

    -against-

JP MORGAN CHASE & CO.,

            Defendant.
------------------------------------------------------------------X

**ORDER**

23-CV-00153 (GRB)(JMW)

**A P P E A R A N C E S:**

**Michael J. Salese**
1116 Cove Edge Road
Syosset, NY 11791
*Appearing Pro Se*

**Brian Peter Scibetta, Esq.**
**Chong Lim, Esq.**
McCalla Raymer Leibert Piece, LLC
420 Lexington Avenue, Ste 840
New York, NY 10170
*Attorneys for Defendant*

**WICKS,** Magistrate Judge:

    Before the Court is Defendant JP Morgan Chase & Co.'s ("Chase") uncontested application for a stay of discovery (DE 19) pending a decision on its anticipated motion to dismiss (DE 16) the complaint for a lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for a failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

    For the reasons set forth below, the Court concludes a stay is warranted under the circumstances and therefore the motion (DE 19) is granted.

I.  BACKGROUND

On January 10, 2023, Plaintiff Michael J. Salese, proceeding *pro se*, commenced this action alleging violations of the Fair Debt Collection Practices Act (FDCPA), negligence, fraud in the concealment, fraud in the inducement, and slander of title -- all related to Defendant's attempt to foreclose Plaintiff's home.  (DE 1.)  On February 7, 2023, Defendant filed a pre-motion conference request in anticipation of filing a motion to dismiss.  (DE 7.)  On March 7, 2023, District Judge Brown referred all dispositive pre-trial motions including the pre-motion conference request, for a Report and Recommendation.  That pre-motion request was granted, and the pre-motion conference requirement was waived.  (Electronic Order dated March 20, 2023.)  The case was re-assigned to the undersigned on June 6, 2023.  Subsequently, Defendant filed its contested motion to dismiss on June 15, 2023 (DE 16), and the motion was fully briefed as of that date.  (*See* DE 17; DE 18.)

Shortly thereafter, Defendant moved to adjourn the initial conference pending the resolution of its motion to dismiss.  (DE 19.)  The Court construed the application as one seeking a stay of discovery and set July 7, 2023 as the date for any opposition to be filed.  (Electronic Order dated June 28, 2023.)  On July 10, 2023, after no opposition was filed, the Court extended Plaintiff's time to file an opposition to on or before August 4, 2023, rescheduled the initial conference for August 25, 2023, and directed Defendant to serve a copy of the Court's Order on Plaintiff and file proof of service of the same.  (Electronic Order dated July 10, 203.)  Defendant filed proof of service on July 11, 2023. (DE 20.)  Plaintiff then submitted a letter dated July 7, 2023, which appears to touch upon the merits of the case and Plaintiff's entitlement to relief but does not state Plaintiff's position on the stay.  On July 27, 2023, Plaintiff submitted a proposed

discovery worksheet. (DE 22.) But again, failed to state his position on the motion to stay. Thus, the instant motion is considered unopposed.

## II. DISCUSSION[1]

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No.CV 2005-2533, 2006 WL 3827422, at *1(E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* 20-CV-4765 (JPC), 2021 WL 23312, at *1

---

[1] The Court's consideration and analysis of the arguments set forth in the motion to dismiss is purely for purposes of weighing whether a stay should be granted. This analysis should not in any way be construed as prejudging or predicting the outcome of the motion to dismiss pending before Judge Brown.

3

(S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). In assessing good cause, Courts look to "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-CV-2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

Here, as for the first factor, the Court finds "good cause" in light of the arguments raised Defendant's motion to dismiss. (DE 16.) Notably, the arguments Defendants set forth appear, at least on their face, to make a credible showing that subject matter jurisdiction may be lacking on the basis of the *Rooker-Feldman* doctrine. (*See* DE 16.) "Federal courts lack subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Inn World Rep., Inc., Leonard C. LaBanco, Plaintiffs-Appellants, Thomas Kiely, Faith Kiely, John E. Morris, Plaintiffs, v. MB Fin. Bank NA, Fifth Third Bank, as successor in interest, Defendants-Appellees.*, No. 21-CV-2911, 2022 WL 17841529, at *3 (2d Cir. Dec. 20, 2022) (internal quotation marks omitted.)

"The doctrine applies where: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff seeks district court review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced." *Id.* Here, back in 2017, the Supreme Court of the State of New York, Nassau County entered a Judgment of Foreclosure and Sale in Defendant's favor. (DE 8.) Plaintiff then instituted a collateral action that was dismissed based on the doctrine of *res judicata*. (*Id.*) Considering that the chief form of relief sought in Plaintiff's complaint is "an order declaring the foreclosure and subsequent eviction prosecuted

4

by Defendant, void and of no force and effect," it appears Defendant's arguments are at least not unfounded in the law. *See Gandler v. Nazarov*, No. 94-CV-2272 (CSH) 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 13, 1994) (finding a stay warranted where the dispositive motion "appears not to be unfounded in the law").

Moreover, the second factor favors a stay as the breadth of discovery and corresponding burden of responding would prejudice Defendant if its motion to dismiss is indeed granted. Here, Defendant's motion to dismiss seeks dismissal of the entire complaint on multiple grounds, and if granted, any discovery conducted in the interim would have been without purpose. Lastly, there is no prejudice identified if a stay is granted. This case is in the earliest stages -- the initial conference has yet to be held and no discovery schedule has been ordered.

Notably, the instant motion is unopposed despite ample opportunity for opposition to be filed. Plaintiff did file a letter on July 7, 2023 re-iterating the narrative underlying the foreclosure action and seeking his day in court. (DE 21.) However, Plaintiff does not address the motion to stay and has not, despite an extension of time to oppose it, offered any reason why a stay is not warranted. The Court further notes that Plaintiff is aware of the motion to stay because he explicitly acknowledged Defendant's June 27, 2023 letter seeking an adjournment pending the motion to dismiss, in his July 7, 2023 letter. (*See* DE 21 at 1.)

Accordingly, weighing all of the relevant factors, the Court finds that a stay of discovery is warranted under the circumstances.

### III. CONCLUSION

Based on the foregoing, good cause exists warranting the issuance of a stay of discovery pending the outcome of the motion to dismiss. Therefore, the motion to stay (DE 19) is hereby

granted and discovery in this action is stayed pending resolution of Defendant's motion to dismiss. The initial conference scheduled for August 25, 2023, is accordingly adjourned *sine die*, and the parties are directed to submit a proposed Rule 26 scheduling order within 10 days of the decision on the motion to dismiss in the event any claims survive.

Defendant shall serve a copy of this Order on Plaintiff and file proof of service within two business days.

Dated: Central Islip, New York
August 8, 2023

S O  O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge